# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROBERT C.J. TUTTLE,

    Plaintiff,

v.                                    Case No. 10-11221

TERRI LYNN LAND and MICHAEL FILDEY,

    Defendants.
                                 /

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the court is a "Motion to Dismiss," filed on April 19, 2010, by Defendants Terri Lynn Land and Michael Fildey. A hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendants' motion.

### I. BACKGROUND

Plaintiff Robert Tuttle obtained a vanity license plate with the configuration "M WLVRNE" as shown below:



(Compl. ¶ 20.) The Michigan Department of State later revoked the license plate because it determined that the plate had been issued "in error." (*Id.* ¶ 21.) Plaintiff filed suit alleging that this revocation violated his constitutional rights.

Prior to obtaining the vanity license plate, on August 11, 2008, Plaintiff visited the Michigan Secretary of State's website and checked the availability of "M WLVRNE" using the "Plate it Your Way" search function.  (*Id.* ¶¶ 9-11.)  The search report stated, "This plate is currently available." (Compl. Ex. A.)  It also stated, "**We cannot guarantee or reserve your selection**."  (*Id.* (emphasis in original).)

On the same day, Plaintiff proceeded to a branch office of the Secretary of State to purchase the vanity plate.  (Compl. ¶ 14.)  The employee at the counter rechecked the availability of "M WLVRNE" and "remarked to [P]laintiff, in words to the effect that, [P]laintiff was fortunate because the Secretary of State's computer records showed this plate configuration had only very recently become available for purchase."  (*Id.* ¶¶ 15-16.)  Plaintiff purchased the "M WLVRNE" plate, paying $35 for the "University of Michigan" plate and $30 for the personalization.  (*Id.* ¶¶ 17-18.)  A certificate of registration was issued, and Plaintiff's 2003 Chevrolet was fitted with the "M WLVRNE" plate for approximately seven months.  (*Id.* ¶¶ 19-20; Compl. Ex. B.)

On April 1, 2009, Plaintiff received a letter from the Department of State stating that it had come to its attention that the "M WLVRNE" plate currently in his possession was issued to him "in error."  (Compl. ¶ 21; Compl. Ex. C.)  The Department of State stated that "[a]n applicant had already applied for and been granted this choice prior to [Plaintiff's] application on 08/11/2008."  (Compl. Ex. C.)  The Department of State enclosed a new license plate, registration, and plate tabs, as well as an application for another vanity license plate.  (*Id.*)  The letter explained how Plaintiff could obtain "a refund of the service fee" he already paid if he chose not to make another selection.  (*Id.*)

Plaintiff was "at a loss" to understand how the Department of State could revoke his vanity plate eight months after it was issued based on a "newly-discovered '*error.*'" (Compl. ¶ 22 (emphasis in original).)  He returned the replacement plate and registration and demanded an explanation.  (*Id.*)  On April 9, 2009, Defendant Fildey responded informing Plaintiff that the "WLVRNE" configuration was issued to another individual in November 2007 and that errors were made by the person processing the transaction. (*Id.* ¶ 23; Compl. Ex. E.)  According to Fildey, the errors involved the expiration date which caused the plate to appear available when Plaintiff checked online and at the branch office.  (Compl. Ex. E.)  Fildey explained that the error was not discovered until the person came in to renew the plate, and that pursuant to Mich Comp. Laws § 257.258(1)(a), the Secretary of State was revoking the plate and registration because it was "*erroneously* issued."  (*Id.* (quoting Mich Comp. Laws § 257.258(1)(a)) (emphasis in original).)

Plaintiff was apparently unsatisfied with Fildey's response.  (Compl. ¶¶ 24-25.) Plaintiff then submitted a Michigan Freedom of Information Act request to the Michigan Department of State, requesting, among other things, all records relating to the "error" as well as records relating to the "rival claimant to the personalized plate, and all application papers of such claimant."  (Id. ¶¶ 26-27; Compl. Ex. F.)  The request was granted in part and denied in part.  (Compl. ¶ 29.)  The Department of State produced documents showing that the "WLVRNE" plate was registered to a person in Oakland County with a 2004 Volkswagen.  (Compl. Ex. H.)  The documents also had handwritten notations regarding the error, but Plaintiff remained unsatisfied.  (Compl. ¶¶ 31-33; Compl. Ex. H.)  According to Plaintiff, "Defendants Land and Fildey have to this day

3

never explained the factual particulars of *any* 'error' which they rely on under MCL 257.258(1)(a) to support their summary revocation of the personalized M WLVRNE plate that [P]laintiff duly and lawfully purchased from the Secretary of State." (Compl. ¶ 34 (emphasis in original).)

On March 26, 2010, Plaintiff initiated the present case against Defendants Terri Land and Michael Fildey. Defendant Land is the Michigan Secretary of State. (*Id.* ¶ 2.) Defendant Fildey is a manager in the Enhanced Services Section of the Office of Customer Services in the Michigan Department of State. (*Id.* ¶ 3.) Plaintiff is suing them in their official capacities. (*Id.* ¶¶ 2,3.) He alleges three counts: (1) "Violation of 42 U.S.C. § 1983,"[1] (2) "Declaratory Judgment of Violation of Michigan Constitution of 1963, Art. I, § 17," and (3) "Declaratory Judgment of Unconstitutionality of MCL 257.258(1)(a)." Before filing a responsive pleading, Defendants filed a motion to dismiss.

## II. STANDARD

When ruling on a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure,[2] the court must construe the complaint in a light most favorable to the

---

[1] Plaintiff presumably means a violation of rights secured by the Fourteenth Amendment and actionable under 42 U.S.C. § 1983.

[2] Plaintiff argues that, because Defendants rely on an affidavit from Fildey that was attached to their motion, the court should treat the present motion as a motion for summary judgment. (Resp. at 4.) Plaintiff objects to the admissibility of the Fildey affidavit and requests additional time for discovery to oppose the motion. (*Id.* at 4, 13-14; Tuttle R. 56(f) Decl.)
The analysis and resolution of the present motion—namely, that Plaintiff does not have a property interest in a particular vanity license plate—does not implicate the Fildey affidavit. The court will exclude the Fildey affidavit and will not treat the present motion as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Because Plaintiff does not have a constitutionally-recognized property interest in the

4

plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 550 U.S. at 555 (citations omitted). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 550 U.S. 544). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable

---

vanity license plate, further discovery regarding the alleged error in the issuance of it would be futile.

5

legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

### III. DISCUSSION

### A. Local Rule 7.1(a)

As an initial matter, Plaintiff argues that Defendants' motion should be denied because they failed to comply with the pre-filing conference requirement of Local Rule 7.1(a). (Resp. at 3.) Defendants argue that they substantially complied with the Local Rules by sending a letter to Plaintiff's counsel five days before filing the present motion. (Reply at 1.) Defendants concede that they failed to state in their motion that they sought concurrence, but they argue that this "oversight" does not warrant denial of their motion. (*Id.* at 2.)

Under Local Rule 7.1(a), a "movant must ascertain whether the contemplated motion . . . will be opposed." E.D. Mich. LR 7.1(a)(1). "If concurrence is not obtained, the motion or request must state: (A) there was a conference . . . or (B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference." E.D. Mich. LR 7.1(a)(2).

On April 13, 2010, Defendants' counsel sent a letter by first class mail to Plaintiff requesting voluntary dismissal of the complaint because "1) Plaintiff has no constitutional right to a personalized license plate; and 2) all registration plates are the property of the State of Michigan." (Resp. at 2; Reply at 1.) The letter requested a response by April 16, 2010 at noon. (Resp. at 2.) Plaintiff and Plaintiff's counsel were out of the country from April 13, 2010 to April 23, 2010. (*Id.*) Plaintiff argues that "[h]ad defendants' counsel made a sincere effort to conduct a Local Rule 7.1(a) conference, plaintiff's counsel would have had a dialogue on the grounds of opposition now presented here. Perhaps this motion could have been avoided." (*Id.* at 2-3.)

Given the widespread use of technology in the litigation process, Defendants' counsel could have probably taken additional steps to communicate with Plaintiff.[3] Also, Defendants' motion does not state that they sought concurrence. Nonetheless, based on the circumstances of this case, the court does not find that denial of the motion is warranted. Defendant's counsel sent a letter to Plaintiff explaining the nature of the motion and its legal basis, as required by Local Rule 7.1(a). Although Defendants did not allow much time for a response, the deadline for a responsive pleading was fast-approaching. Plaintiff would not have concurred in the relief requested, and it is doubtful that Defendants would have not filed the present motion after hearing Plaintiff's "grounds of opposition." (Resp. at 3.) The court will therefore not deny Defendants' motion pursuant to Local Rule 7.1(a).

---

[3] For that matter, given the widespread use of technology, Plaintiff and Plaintiff's counsel could have taken additional steps to be reachable during the ten days they spent out of the country, e.g., having members of their office communicate with them regarding the first class mail they receive.

7

## B. Count I - 42 U.S.C. § 1983[4]

Defendants argue that Plaintiff has failed to state a claim because the correction of an error[5] did not deprive Plaintiff of any rights secured by the Constitution, and that even if Plaintiff had a contract interest in the "WLVRNE" plate, the terms of the contract would be governed by the Michigan Motor Vehicle Code, which prohibits duplication of vanity plates. (Defs.' Mot. Br. at 4-7.) Defendants further argue that Plaintiff did not have a property interest in the "WLVRNE" plate within the meaning of the Due Process Clause of the Fourteenth Amendment. (*Id.* at 9-11.)

Plaintiff argues that the "property" in this case is "the contract between the Michigan Secretary of State and plaintiff that was formed for the purchase of the WLVRNE personalized plate." (Resp. at 5.) Plaintiff contends that Defendants, acting under color of state law, deprived him of this property right without due process of law, in violation of the Fourteenth Amendment. (*Id.*)

The Fourteenth Amendment to the United States Constitution prohibits a state actor from "depriv[ing] any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, and a plaintiff may bring a § 1983 suit for violation of

---

[4]The court notes that Plaintiff brings this § 1983 action against Defendants in their official capacity only. (*See* Compl. ¶¶ 2,3.) Section 1983 imposes liability on a "person," who under color of law, subjects another person to the deprivation of a constitutional right. 42 U.S.C. § 1983. State officials acting in an official capacity are not deemed "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

[5]Plaintiff does not concede that there was an error or that "a rival claimant was the prior and continuous registrant of the WLVRNE personalized plate." (Resp. at 11.) Plaintiff asserts that "genuine issues of material fact already subsist in the record as to who is the prior claimant." (*Id.* at 10.) Whether there was an error and whether there was a prior claimant is irrelevant to the court's determination that Plaintiff does not have a constitutionally-recognized property interest in a particular vanity license plate.

procedural due process, *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  "To establish a procedural due process claim pursuant to § 1983, plaintiffs must establish three elements: (1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (2) that they were deprived of this protected interest within the meaning of the Due Process clause, and (3) that the state did not afford them adequate procedural rights prior to depriving them of their protected interest."  *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (citing *Zinermon*, 494 U.S. at 125-26).

For purposes of § 1983 procedural due process claims, the Sixth Circuit follows "a two-part analysis in assessing the Plaintiff's . . . claim, asking first, whether the alleged deprivation involves a protected property interest, and second, whether 'the procedures attendant upon that deprivation were constitutionally sufficient.'"  *Mator v. City of Ecorse*, 301 F. App'x 476, 479 (6th Cir. 2008) (quoting *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).  Accordingly, the court must first inquire whether Plaintiff has shown that his claim involves a protected property interest before proceeding to the inquiry regarding whether any deprivation of the protected property interest was afforded constitutionally required due process.  *See Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002) (citing *Ferencz v. Hairston*, 119 F.3d 1244, 1247 (6th Cir. 1997)).

### 1.  Property Interest

"[T]he range of interests protected by procedural due process is not infinite."  *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 570 (1972).  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire

for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* "A protected property interest generally 'must be more than [a] de minimis' interest." *Kennedy v. City of Cincinnati*, 595 F.3d 327, 335 (6th Cir. 2010) (quoting *Omosegbon v. Wells*, 335 F.3d 668, 574 (7th Cir. 2003)). This means the plaintiff must typically "demonstrate some form of provable pecuniary harm." *Omosegbon*, 335 F.3d at 674.

"Property interests are not created by the Fourteenth Amendment, rather they are created and defined by independent sources, such as state law." *Hamilton*, 281 F.3d at 529 (citing *Brotherton v. Cleveland*, 923 F.3d 477, 480 (6th Cir. 1991)). As the Sixth Circuit has explained:

> Even though individuals often claim property interests under various provisions of the Constitution, such interests are not created by the Constitution; nor may individuals manufacture a property interest. Unilateral expectations of a property interest are insufficient to trigger due process concerns. Instead, property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."

*Wojcik v. City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001) (quoting *Parratt v. Taylor*, 451 U.S. 527, 529 n.1 (1981)). Thus, "to determine the existence of a property right protected by due process, the statute creating and defining that right is controlling." *Banks v. Block*, 700 F.2d 292, 297 (6th Cir. 1983).

Plaintiff has failed to identify a constitutionally-protected property interest sufficient to trigger a right to due process. Plaintiff did not enter into a contract with the Secretary of State. Availing onself of a state regulatory regime governing the use of automobiles on the state's streets and highways does not form a contract between the

state and the registrant. This regulatory regime, codified as the Michigan Vehicle Code, provides for paying a "service fee" for a personalized license plate and states that license plates are "deemed to be the property of the state of Michigan." Mich. Comp. Laws §§ 257.259(a), 257.803b. The issuance of the "WLVRNE" plate to Plaintiff, which remains the property of the State of Michigan and subject to the statutorily-created restrictions regarding issuance and use, did not confer a property interest in Plaintiff.

Nonetheless, even assuming that Plaintiff had a property interest in the "WLVRNE" license plate, the nature of the interest is de minimis. Plaintiff's alleged property interest is similar to the nature of the claimed property interest in *Kennedy*. There, the plaintiff purchased a pool token for $10.00 from the Cincinnati Recreation Comission ("CRC"). *Kennedy*, 595 F.3d at 331. The pool token gave the plaintiff access to the city's swimming pools. *Id.* at 330. Pool officials became concerned with plaintiff's actions at the pool and surrounding areas, particularly his alleged "child watching." *Id.* at 331-32. Pool officials called the police, and the plaintiff was forced to surrender his pool pass and was banned from CRC property. *Id.* at 332-33. The plaintiff sued alleging his constitutional rights were violated "by confiscating his property, and by restricting his liberty, without due process of law." *Id.* at 333. Upon review of the district court's denial of summary judgment as to some defendants, the Sixth Circuit held that plaintiff "did not have a protectable property interest in his $10 City pool token, but possessed a clearly established constitutionally-protected liberty interest not to be banned from all City recreational property without procedural due process." *Id.* at 330. The Sixth Circuit reasoned that "although [the plaintiff] arguably had a property interest in his $10 pool pass of which the City deprived him, 'the nature of [that] interest' is de

11

minimis when viewed against the background of reason, Supreme Court case law, and this court's past decisions." *Id.* at 335 (quoting *Roth*, 408 U.S. at 571) (second alteration in original).

Here, Defendants did not deprive Plaintiff of his ability to drive his 2003 Chevrolet on Michigan's streets and highways. Plaintiff was merely deprived of his "preferred set of vanity plates." *Perry v. McDonald*, 280 F.3d 159, 174 (2d Cir. 2001) (declining to answer the question of whether a preferred set of vanity plates "is substantial enough to be regarded as a 'protected interest' under the Due Process Clause," but noting that "the interest does not appear to be as significant as, for example, the loss of income or public-assistance benefits"). Plaintiff was not denied the use of a vanity plate generally as he was free to select another vanity configuration that was available. Plaintiff suffered no pecuniary harm as a result of the revocation. *See Omosegbon*, 335 F.3d at 674. Indeed, Plaintiff demands only $1.00 in compensatory damages. (Compl. at 15.) Plaintiff was offered a refund or the option of selecting another vanity plate. Accordingly, when viewed against the "background of reason," the nature of Plaintiff's interest in the "WLVRNE" license plate is de minimis. *Kennedy*, 595 F.3d at 335.

Plaintiff emphasizes the word "purchased" used on the "Personalized Plates" page of the Secretary of State's website. (Resp. at 6.) Plaintiff cites Black's Law Dictionary's definition of "purchase" and argues that his "'purchase of the WLVRNE personalized license plate was a contract for transmission of 'property,' namely, the personalized plate." (*Id.* at 6-7.) However, the use of the word "purchase" does not mean that a property interest was created. In *Kennedy*, the Sixth Circuit rejected the plaintiff's argument that, "[b]ecause he paid $10 to *purchase* the pool token, . . . he has

'an enforceable entitlement to the token,' which amounts to a property interest deserving of due process protection." 595 F.3d at 335 (emphasis added). This court similarly rejects Plaintiff's argument that because he paid $30 to "purchase" the "WLVRNE" license plate configuration, he has an enforceable contract interest in the plate, which amounts to a property interest deserving of due process protection. *Id.*

Plaintiff relies on *Wojcik*, in which the Sixth Circuit observed that "Michigan courts have held that the holder of a liquor license has a constitutionally protected interest and is therefore entitled to proper proceedings prior to making decisions regarding renewal or revocation." 257 F.3d at 609-610. This reliance is misplaced because the loss of a liquor license could significantly impair a person's ability to earn a living; it is not as though Plaintiff here, as a partner in a prominent law firm, is challenging the loss of his law license. *See Kennedy*, 595 F.3d at 334-35. The same significant interests are not present with respect to the revocation of a particular vanity license plate. Plaintiff's complaint fails to state a claim for any violation of due process because he has failed to allege any constitutionally-recognized property right which was deprived by Defendants.

### C. Count III - Unconstitutionality of Mich. Comp. Laws § 257.258(1)(a)

Plaintiff seeks a declaratory judgment that Mich. Comp. Laws § 257.258(1)(a) is unconstitutional because (1) it "permits the State of Michigan, acting through the Secretary of State, to deprive persons of property without due process of law, namely, notice and an opportunity to be heard," and (2) "on the ground of vagueness because it confers to the Secretary of State unstructured and unlimited discretion to determine whether a registration plate was 'erroneously issued,' without any accountability to the person to whom the plate was issued." (Compl. ¶¶ 51, 52.)

Plaintiff's claim of unconstitutionality is simply unsupportable. *See Dixon v. Love*, 431 U.S. 105, 115-16 (1977). As discussed above, a person does not have a constitutionally-recognized property interest in a particular vanity license plate. Therefore, the Due Process Clause is not implicated. Moreover, when a registration, certificate of title, or plate is cancelled, the statute does provide for notice an opportunity to be heard. *See* Mich. Comp. Laws § 257.258(3) ("Before the secretary of state makes a cancellation under subsection (1)(a) . . ., the person affected by the cancellation shall be given notice and opportunity to be heard."). A cancellation could arguably deprive a person of a property right, and thus, Michigan has provided procedural protections.[6]

Plaintiff's vagueness challenge is also without merit. A law is unconstitutionally vague "only if it is so vague that 'no standard of conduct is specified at all.'" *Women's Medical Prof'l Corp. v. Voinovich*, 130 F.3d 187, 197 (6th Cir. 1997) (quoting *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971)). There is nothing vague about the term "erroneously." This is particularly true when the statute sets forth instances when a personalized license plate should not be issued. For instance, the statute prohibits the issuance of "a letter combination which might carry a connotation offensive to good taste and decency" and prohibits "a duplication of another registration plate." Mich. Comp. Laws § 257.803b(1). The statute is not vague. The court will therefore grant Defendants' motion to dismiss as to Plaintiff's claim that Mich. Comp. Laws § 257.258(1)(a) is unconstitutional.

---

[6]This provision is not applicable to this case because there was not a cancellation.

### D. Count II - Violation of Michigan Constitution

Plaintiff seeks a declaratory judgment that Defendants violated the Due Process provision of the Michigan Constitution of 1963. (Compl. ¶¶ 44-47.) Defendants request that the court dismiss this claim for lack of jurisdiction. (Defs.' Mot. Br. at 13.)

A district court "may decline to exercise supplemental jurisdiction [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). In particular, there is a "strong presumption in favor of dismissing supplemental claims" after a 12(b)(6) dismissal. *Id.* The two reasons for this presumption are: (1) "a 12(b)(6) dismissal usually comes early in the proceedings, when the court has not yet invested a great deal of time into resolution of the state claims" and (2) "a 12(b)(6) dismissal implies that the substance of the federal claims was somehow lacking." *Id.* However, this presumption can be overcome in "unusual circumstances." *Id.* (noting that the "Second Circuit has suggested that these 'unusual circumstances' must include 'some prejudice arising from relegating the case for trial in the state court.'" (quoting *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir. 1975)).

The balance of considerations in this case point to dismissing the state-law claim. Both of the reasons underlying the presumption of dismissal after a Rule 12(b)(6) dismissal of the federal claims are present here. It is "early in the proceedings" as Plaintiff initiated the case on March 26, 2010, and before filing a responsive pleading, Defendants filed a motion to dismiss. The court "has not yet invested a great deal of

15

time into resolution of the state claims." *Id.* Besides the motion to dismiss, no other substantive documents have been filed. Nor have any conferences or hearings been held. Moreover, the substance of the federal claims was certainly lacking. No "unusual circumstances" are present that would justify retaining jurisdiction over the remaining state-law claim. *Id.* Accordingly, the court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claim.

### E. Rule 11 Sanctions

In the conclusion of their motion, "Defendants request that the Court impose a sanction pursuant to Fed. R. Civ. P. 11 in an amount equal to the attorney fees and costs incurred by the State of Michigan in defense of this action." (Defs.' Mot. Br. at 13.) Plaintiff asserts that Defendants' Rule 11 request is "procedurally and substantially improper." (Resp. at 15.)

Pursuant to Federal Rule of Civil Procedure 11, the court may assess sanctions against an attorney for filing a complaint containing legal contentions that are not warranted by existing law or by "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). A motion for Rule 11 sanctions, however, "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Also, a motion for Rule 11 sanctions may be filed with the court only after it has been served on the party and the party has had twenty-one days to withdraw the offending filing. *Id.*

Defendants' request for Rule 11 sanctions is procedurally improper. Defendants did not file a motion for Rule 11 sanctions separate from their motion to dismiss. *See* Fed. R. Civ. P. 11(c)(2). Also, Defendants did not present the motion to Plaintiff and

16

allow 21 days after service for Plaintiff to withdraw his complaint. *See id.* Accordingly, Defendants' request for Rule 11 sanctions cannot be granted.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' "Motion to Dismiss" [Dkt. # 8] is GRANTED. Counts I and III of Plaintiff's Complaint are DISMISSED WITH PREJUDICE. Count II of Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: May 27, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 27, 2010, by electronic and/or ordinary mail.

    S/Lisa G. Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522